1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RILEY NOONKESTER,

11          Plaintiff,                    No. CIV S-06-0306 RRB GGH P

12       vs.

13   TEHAMA COUNTY SHERIFF, et al.,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff is confined in Atascadero State Hospital pursuant to the Sexually Violent

17   Predator Act (SVPA).  This action is proceeding on the original complaint filed February 13,

18   2006, against Tehama County Sheriff Parker and the Tehama County Board of Supervisors.

19   Plaintiff challenges conditions of confinement at the Tehama County jail during his incarceration

20   there during civil commitment proceedings.

21          The court has separately ordered that defendants' motion to dismiss for failure to

22   state a claim be granted in part.  The court also recommended that defendants' motion be denied

23   as to several of plaintiff's claims alleging violation of his right to substantive due process based

24   on conditions in the jail.  The court also recommended that defendants' motion be denied as to

25   plaintiff's claims alleging denial of right to confidential communication with his counsel and that

26   jail staff read his legal mail.

1

1    Pending before the court is plaintiff's May 10, 2007, motion for a protective

2  order.  The court construes this motion as a motion for injunctive relief.  In this motion, plaintiff

3  alleges that he was subjected to unconstitutional conditions during transport from Atascadero

4  State Hospital to the jail.  Plaintiff also alleges that defendants attempted to force him to sign a

5  release of liability form that was presented to him as a waiver to be housed in the open

6  population section of the jail.  Motion, p. 4.  Plaintiff alleges that when he refused to sign the

7  form, he was threatened with placement in solitary confinement.

8    On May 24, 2007, defendants filed a response to plaintiff's motion for protective

9  order, construed as a motion for injunctive relief.  Defendants do not specifically address the two

10  claims set forth above.  Defendants argue that the complaint alleges that the last time plaintiff

11  was housed in the Tehama County Jail was December 2005.  Defendants argue that plaintiff

12  alleges no plan, petition or mechanism whereby he would be returned to Tehama County for

13  confinement.

14    Prior to September 20, 2006, SVP recommitments were for two year periods.

15  Litmon v. Superior Court, 123 Cal. App. 4th 1156, 1168, 21 Cal. Rptr. 3d 21 (2004).  Effective

16  September 20, 2006, SVP commitments are for indeterminate terms.  Cal. Welf. & Inst. Code, §

17  6604.

18    Plaintiff's present SVP term, apparently received on or around December 2005,

19  must be for two years because it was imposed prior to September 20, 2006. Therefore, plaintiff

20  will likely return to the Tehama County Jail in the near future.  Accordingly, defendants are

21  ordered to respond to plaintiff's claim that he was threatened with placement in solitary

22  confinement if he did not sign a waiver to be housed in the open population section of the jail.

23  Defendants are not required to address plaintiff's claim concerning transportation conditions, as

24  the complaint contains no claims regarding this issue.

25  /////

26  /////

2

1    Accordingly, IT IS HEREBY ORDERED that within twenty days of the date of

2  this order, defendants shall file further briefing as discussed above.

3  DATED:   11/7/07

4                                                                    /s/ Gregory G. Hollows

5                                                           UNITED STATES MAGISTRATE JUDGE

6  noon306.fb

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26