1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RILEY NOONKESTER,

11            Plaintiff,                    No. CIV S-06-0306 RRB GGH P

12        vs.

13   TEHAMA COUNTY SHERIFF, et al.,        ORDER AND

14            Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is confined in Atascadero State Hospital pursuant to the Sexually Violent

17   Predator Act (SVPA).  This action is proceeding on the original complaint filed February 13,

18   2006, against Tehama County Sheriff Parker and the Tehama County Board of Supervisors.

19   Plaintiff challenges conditions at the Tehama County jail during his incarceration there during

20   civil commitment proceedings.

21            Pending before the court is defendants' March 27, 2007, motion to dismiss for

22   failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  After carefully reviewing the record,

23   the court orders defendants' motion granted in part with leave to amend.  The court also

24   recommends that defendants' motion be denied in part.

25   /////

26   /////

1

1  LEGAL STANDARD FOR MOTION TO DISMISS

2        In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6),

3  a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"

4  it must contain factual allegations sufficient to "raise a right to relief above the speculative

5  level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). "The pleading

6  must contain something more...than...a statement of facts that merely creates a suspicion [of] a

7  legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and

8  Procedure § 1216, pp. 235-236 (3d ed. 2004).

9        In considering a motion to dismiss, the court must accept as true the allegations of

10 the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.

11 Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

12 motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421,

13 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume

14 that general allegations embrace those specific facts that are necessary to support the claim.'"

15 NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555,

16 561, 112 S. Ct. 2130, 2137 (1992).  Moreover, pro se pleadings are held to a less stringent

17 standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596

18 (1972).

19       The court may consider facts established by exhibits attached to the complaint.

20 Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also

21 consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

22 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

23 papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

24 1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

25 Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

26 /////

1    A pro se litigant is entitled to notice of the deficiencies in the complaint and an

2    opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

3    Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

4    DISCUSSION

5    The complaint contains a statement of "allegations common to all counts" which

6    includes plaintiff's factual allegations.  Complaint, pp. 6-21.  The complaint then lists ten

7    separate causes of action.  Complaint, pp. 21-27.

8    Claim one alleges a violation of plaintiff's First Amendment right to freedom of

9    association.  Plaintiff also alleges that defendants violated his right to freedom of the press by

10   denying him access to the outside world.  The court has reviewed the complaint and finds no

11   factual allegations supporting plaintiff's claim that he was denied his freedom of association.  In

12   addition, defendants' alleged refusal to permit plaintiff access to the outside world does not

13   constitute a violation of plaintiff's right to freedom of the press.  Accordingly, this claim is

14   dismissed with leave to amend.

15   Claim two alleges that defendants violated plaintiff's Fourth Amendment rights

16   by subjecting plaintiff to unreasonable searches, including degrading public strip searches and

17   using unreasonable force and physical restraints during these searches.  Plaintiff alleges no other

18   facts in support of this claim.  Plaintiff does not allege, for example, when and how often the

19   strip searches occurred.  Nor does he describe the circumstances of these strip searches.  Without

20   this additional information, the court cannot determine whether plaintiff has stated a colorable

21   Fourth Amendment claim.  Accordingly, this claim is dismissed with leave to amend.

22   Claim three alleges that defendants' practices and policies violated the Ex Post

23   Facto Clause because they did not employ the least restrictive alternative, were not compatible

24   with treatment purposes, and were not reasonably related to a legitimate non-punitive goal.

25   Claim four alleges that defendants' practices and policies violated the Double Jeopardy Clause

26   for the same reasons.

1        The SVPA does not implicate the guarantees of either the Double Jeopardy or Ex

2   Post Facto Clauses.  Hydrick v. Hunter, 500 F.3d 978, 2007 WL 2445998 * 11 (Aug. 30, 2007);

3   Seling v. Young, 531 U.S. 250, 121 S. Ct. 727 (2001); Kansas v. Hendricks, 521 U.S. 346 U.S.

4   346, 117 S. Ct. 2072 (1997).  Accordingly, plaintiff should not include claims alleging violations

5   of the Ex Post Facto or Double Jeopardy Clauses in an amended complaint.

6        Claim five alleges a violation of the Eighth Amendment.  As a civil detainees, the

7   applicable standard for plaintiff is not the more restrictive standards for cruel and unusual

8   punishment under the Eighth Amendment; rather, "'the more protective Fourteenth Amendment

9   standard applies to conditions of confinement when detainees...have not been convicted' of a

10  crime."  Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (internal citations omitted); Hydrick

11  v. Hunter, 2007 WL 2445998 * 12 .  Accordingly, plaintiff should not include Eighth

12  Amendment claims in an amended complaint.

13       Claim six alleges a violation of plaintiff's right to procedural due process under

14  the Fourteenth Amendment.  Plaintiff alleges that defendants policies and practices violated his

15  right to due process.  For example, plaintiff alleges that he experienced unnecessary restrictions

16  on movement, loss of privileges, confiscation of belongings and other punishments.  While

17  plaintiff has a right to procedural due process, his claim as pled is vague and conclusory.

18  Plaintiff does not allege any specific facts in support of his claim, such as what process he was

19  denied prior to losing privileges.  Nor does plaintiff identify, for example, the specific privileges

20  he lost or property that was confiscated in violation of his right to due process.  Without

21  additional information, the court cannot determine whether plaintiff has stated a colorable claim.

22  Accordingly, this claim is dismissed.

23       Claim seven alleges a violation of plaintiff's right to substantive due process.  The

24  Fourteenth Amendment requires that civilly committed persons not be subjected to conditions

25  that amount to punishment.  Hydrick v. Hunter, 2007 WL 2445998 * 15.  "Moreover, 'due

26  process requires that the conditions and duration of confinement [for civilly confined persons]

4

1   bear some reasonable relation to the purpose for which persons are committed.'" Id., quoting

2   Seling, 531 U.S. at 265, 121 S. Ct. 727. "While the nature of the SVP's confinement may factor

3   in this balance of what is reasonable, it is clearly established that the substantive due process

4   protections of the Fourteenth Amendment apply to SVPs." Id..

5        Plaintiff alleges that while housed at the Tehama County Jail, he was

6   "unnecessarily exposed" to bodily fluids, waste, including feces, urine, spit, blood and hair in the

7   cells and showering area.  Complaint, ¶ 53.  These allegations state a colorable claim for relief.

8        Plaintiff also alleges that the food he was served was, more often than not, left in

9   the open and uncovered.  Complaint, ¶ 54.  Without knowing for how long the food was left out,

10  the court cannot determine whether these allegations state a colorable claim for relief.

11       Plaintiff alleges that the food was served to him by inmates who had been

12  convicted of a crime.  Complaint, ¶ 55.  These allegations do not state a colorable claim for

13  relief.

14       Plaintiff also alleges that he was housed in administrative segregation for days and

15  sometimes months, during which time he was denied visits, phone calls, exercise.  Complaint, ¶

16  56.  These allegations state a colorable claim for relief.

17       Plaintiff also alleges that when he was allowed to use the exercise yard, he was

18  required to wear shackles.  Compliant, ¶ 58.  These allegations state a colorable claim for relief.

19       Plaintiff alleges that the lights in his cell remained on for 24 hours a day, 7 days a

20  week.  Complaint, ¶ 59.  These allegations state a colorable claim for relief.  Plaintiff also alleges

21  that he was required to sleep on a thin mattress, which caused him to lose sleep.  Id.  These

22  allegations state a colorable claim for relief.

23       Claim eight alleges a violation of plaintiff's right to equal protection.  Plaintiff

24  alleges that he has been subjected to more restrictive, punitive and degrading conditions than

25  other civil detainees.  Plaintiff does not specify which other civil detainees his conditions differ

26  from, and nor does he specifically describe how the conditions are different.  Without this

1  information, the court cannot determine whether plaintiff has stated a colorable claim for relief.

2  Accordingly, this claim is dismissed with leave to amend.

3          Claim nine alleges a violation of the Sixth Amendment.  Plaintiff alleges that he

4  has been denied access to the law library, as well as access to non-confidential phone calls with

5  legal personnel.  Plaintiff also alleges that jail staff review his legal mail.

6          Plaintiff allegations regarding law library access implicate his right to access the

7  courts.  To state a colorable access to the courts claim, plaintiff must allege that he suffered an

8  actual injury as a result of the inadequate law library access.  <u>Lewis v. Casey</u>, 518 U.S. 343, 351,

9  116 S. Ct. 2174 (1996).  Plaintiff does not allege that he suffered any actual injury.  Nor does

10 plaintiff describe in any detail the amount of law library access he received.  Accordingly, this

11 claim is dismissed with leave to amend.

12         Plaintiff's right to access the courts encompasses the right to talk in person and on

13 the telephone with counsel in confidential settings.  <u>Hydrick v. Hunter</u>, 2007 WL 2445998 * 17

14 (applying to detainees).  Accordingly, plaintiff's claim that he was denied confidential

15 communication with counsel states a colorable claim for relief.  The court also finds that

16 plaintiff's claim that jail staff reviewed his legal mail states a colorable claim for relief.

17          Finally, plaintiff's tenth claim alleges a violation of his right to privacy.  Plaintiff

18 alleges that defendants' policies do not permit privacy during showering, visiting and using the

19 telephone.  Plaintiff alleges no specific facts in support of these claims such as the gender of the

20 jail officials who viewed him while showering.  <u>See</u> <u>Hydrick v. Hunter</u>, 2007 WL 2445998 * 18.

21 Plaintiff also alleges no facts describing how his right to privacy was violated during visiting and

22 his use of the telephone with persons other than his lawyer.  Accordingly, this claim is dismissed

23 with leave to amend.

24         In conclusion, defendants' motion to dismiss is granted as to all claims but for

25 plaintiff's claims alleging violation of his right to substantive due process based on unhygienic

26 conditions, denial of rights while housed in administrative segregation, use of shackles during

1    exercise, lights on in his cell all day and night, uncomfortable mattress, and plaintiff's claim

2    alleging that he was denied confidential communication with his counsel and that jail staff read

3    his legal mail.

4            In the section of the complaint describing his factual allegations, plaintiff alleges

5    that he was denied the ability to practice his religion because he did not have access to church

6    services, Bible Study or the opportunity to spend time with clergy.  Complaint, ¶ 62.

7    Defendants' motion did not address this claim because in the section of the complaint setting

8    forth plaintiff's legal claims, he did not specifically allege a violation of his First Amendment

9    rights.  However, these allegations state a colorable claim for violation of plaintiff's First

10   Amendment right to practice his religion.

11           Accordingly, IT IS HEREBY ORDERED that:

12           1.  Defendants' March 27, 2007, motion to dismiss is granted as to all claims but

13   for those set forth below; plaintiff is granted thirty days to file an amended complaint;

14           2.  If plaintiff does not file an amended complaint, defendants shall file a response

15   to the claims found colorable in this order and plaintiff's claim alleging violation of his First

16   Amendment right to practice his religion within forty five days of the date of this order; if

17   plaintiff files an amended complaint, defendants shall file a response within twenty days of the

18   date it is filed;

19           IT IS HEREBY RECOMMENDED that defendants' March 27, 2007, motion to

20   dismiss be denied as to plaintiff's claims alleging violation of his right to substantive due process

21   based on unhygienic conditions, denial of rights while housed in administrative segregation, use

22   of shackles during exercise, lights on in his cell all day and night, uncomfortable mattress, and

23   plaintiff's claim alleging that he was denied confidential communication with his counsel and

24   that jail staff read his legal mail.

25           These findings and recommendations are submitted to the United States District

26   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

1    days after being served with these findings and recommendations, any party may file written

2    objections with the court and serve a copy on all parties.  Such a document should be captioned

3    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

4    shall be served and filed within ten days after service of the objections.  The parties are advised

5    that failure to file objections within the specified time may waive the right to appeal the District

6    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7    DATED: 11/7/07

8                                              /s/ Gregory G. Hollows

9                                              UNITED STATES MAGISTRATE JUDGE

10

11   noon306.ame

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26