IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RILEY NOONKESTER,

        Plaintiff,                        No. CIV S-06-0306 RRB GGH P

    vs.

TEHAMA COUNTY SHERIFF, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is confined in Atascadero State Hospital pursuant to the Sexually Violent Predator Act (SVPA).  This action is proceeding on the original complaint filed February 13, 2006, against Tehama County Sheriff Parker and the Tehama County Board of Supervisors. Plaintiff challenges conditions of confinement at the Tehama County jail during his incarceration there for civil commitment proceedings.

        Pending before the court is plaintiff's May 10, 2007, motion for a protective order.  The court construes this motion as a motion for injunctive relief.  Plaintiff alleges that he was subjected to unconstitutional conditions during transport from Atascadero State Hospital to the jail.  Plaintiff also alleges that defendants attempted to force him to sign a release of liability form that was presented to him as a waiver to be housed in the open population section of the jail.  Plaintiff alleges that when he refused to sign the form, he was threatened with placement in

solitary confinement.

The legal principles applicable to a request for preliminary injunctive relief are well established.  "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)."  Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria are traditionally treated as alternative tests.  "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'"  Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)).  The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

On November 7, 2007, the court ordered defendants to file further briefing addressing plaintiff's claim that he was threatened with placement in solitary confinement if he did not sign a waiver.  The court ordered that defendant were not required to address plaintiff's claim concerning transportation conditions, as the complaint contained no claims regarding this issue.

On November 26, 2007, defendants filed a response to the November 7, 2007, order.  According to defendants, pursuant to the jail policy, inmates awaiting SVP hearings are

held in administrative segregation.  Clay declaration, ¶ 4.  Plaintiff, as an SVP, was classified for placement in administrative segregation.  Id., ¶ 6.  Plaintiff's file from his last stay at the jail contained no documentation indicating that jail staff requested that plaintiff be removed from administrative segregation.  Id., ¶ 7.  There is also no documentation regarding a request for a waiver from plaintiff.  Id.  Nor is there any documentation of a request by plaintiff to be removed from administrative segregation.  Id.

If an inmate requests to be removed from administrative segregation, it is the policy of the jail that the inmate obtain a waiver from the court to allow such a placement.  Id., ¶ 8.  If plaintiff returns to the jail, he will be placed in administrative segregation unless he obtain the necessary waiver from the court.  Id., ¶ 10.  Plaintiff was not threatened with placement in solitary confinement.  Id., ¶ 12.  There is a classification called "disciplinary segregation," but plaintiff was not threatened with placement in disciplinary segregation.  Id.

Based on the information provided by defendants, the court does not find that plaintiff has demonstrated the existence of a threat of irreparable injury if his motion is not granted.  According to defendants, plaintiff was placed in administrative segregation and not threatened with placement in solitary confinement if he did not sign a waiver.  Defendants represent that plaintiff will again be housed in administrative segregation if he is returned to the Tehama County jail.  Based on these representations, the court finds that plaintiff does not face the threat of being housed in solitary confinement or the general population if he is returned to the Tehama County Jail.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's May 10, 2007, motion for a protective order, construed as a motion for injunctive relief, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

1 | "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
2 | shall be served and filed within ten days after service of the objections. The parties are advised
3 | that failure to file objections within the specified time may waive the right to appeal the District
4 | Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5 | DATED: 12/13/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

noon306.po